LAS MONJAS RACING CORPORATION, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 670.  Argued November 10, 1929.—Decided December 13, 1929.

*Feliú & La Costa,* for petitioner. *G. de la Haba* and *R. Rivera Zayas,* for intervener.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 21st of July, 1929, a petition for certiorari was presented to us wherein the facts were set forth substantially as follows:

That in the District Court of San Juan Ernesto D. Reyes had begun an action against Las Monjas Racing Corporation, the petitioner in this case; that on the 23rd day of July, 1929, the said district court, to secure the effectiveness of the judgment, had issued what amounted to a restraining order whereby the said petitioner was prohibited from doing any act or taking any step that would interfere with the right of the said Ernesto D. Reyes to sell pool tickets in accordance with the contract which he alleged was in force between him and the said petitioner; that the said Ernesto D. Reyes claimed the exclusive right to sell certain pool tickets for the term of 15 years; that the District Court of San Juan issued the said order after requiring the said Ernesto D. Reyes to furnish a bond of $1,000.

The petitioner alleged that the District Court of San Juan had no power or authority to make said order because no cause of action was stated in the complaint and because, as the said complaint was incapable of correction or amendment, the District Court of San Juan lacked jurisdiction to issue said order, citing the case of *Armstrong* v. *Irizarry,* 29 P.R. R. 563.

Further along the petitioner recited that there was no cause of action because the specific performance of the contract could not be decreed and subsequently it transpired that the theory of the said petition was that the contract in question was null and void for a lack of mutuality.

The petition then recited that by reason of an act of the Legislative Assembly it would be incumbent on the petitioner Las Monjas Racing Corporation to sell the pool tickets itself, and that this provision of law was to take effect on the 25th of July, 1929. The petition furthermore set out that while some relief might be obtained by a motion, yet that such a procedure was not adequate inasmuch as this court was about to enter into a vacation and that no appeal could be heard before November, and that the petitioner might be subjected to some penalty if it did not begin the sale as required by law.

We shall not attempt to transcribe all the reasons why the petitioner came to this court. Suffice it to say that we entertained the certiorari and issued a supersedeas to preserve the *status quo*.

Under the Act of March 10, 1904, this court is empowered to issue writs for certiorari where the procedure is not according to the course of the law. Experience and custom have shown that the writ should be sparingly issue. Even more sparingly should a resort to our power be made before the questions sought to be elucidated have been freely submitted to the court below for decision. As a general rule, even where the procedure is not according to law, the court below should be given an opportunity to correct an improvident action before recourse is had to this court. The petitioner, in point of fact, as the record discloses, did present a motion to quash the order of attachment, but apparently the petitioner assumed that the decision of the court below would be adverse to it. If the petitioner had a valid defense to the order of attachment, if in fact the court had no jurisdiction, the ordinary presumption would be that the court of law would find in its favor. Where, after hearing both sides, a court has taken a definite stand in a pending or a similar case, some foundation is laid, but without some such condition precedent a writ as a general rule should be denied where the court below was given no opportunity to decide the

main question. It could never be assumed that where there was a total want of jurisdiction in the court below a skillful attorney could not convince the court of such a state of facts. Without giving the court such an opportunity to hear both sides and decide, it may be seriously questioned whether there is any right to say that the procedure is not according to the course of the law. The submission of issues to the court of first instance is the rule.

We are aware, of course, that in the case of *Municipality of Río Piedras* v. *Berga* we issued a *per curiam* decision (*ante,* p. 35) annulling an attachment and we entered into a consideration of the cause of action, but an inspection of that record will reveal that the situation called for extraordinary action, and furthermore in that proceeding a motion to dissolve was filed, fully heard and decided in the lower court.

The contract as exhibited in the case shows that Ernesto D. Reyes obtained from the petitioner the privilege of selling to the public on the premises of the racing corporation the blanks or *cuadros* wherein the bettors at the races select the combinations of horses that they deem likely to win. The alleged contract was for 15 years.

The Act of the Legislature No. 44 of 1929 passed on the 26th of April, 1929, and to take effect 90 days thereafter, had a proviso in its section 15 as follows:

"*Provided,* That the blank forms used for pool combinations shall be sold by the corporation operating the race track, at five (5) cents each, and the proceeds of the sale of such blank forms, after deducting two (2) cents from the price of each form, for expenses incurred in the printing and sale thereof, shall be covered into the Insular Treasury, to be used by the Commissioner of Health in the profilaxis of tuberculosis in children."

The said proviso in said section 15 was suppressed by Act No. 9 of the Special Session, approved on the first of July, 1929.

So that whatever rights the petitioner may have had by reason of the temporary existence of the said proviso should

have been first determined by the court below.. The question seems to a large extent academic.

*A fortiori* the questions of the mutuality in the contract or whether the respondent did have a cause of action should have been similarly first determined.

The petitioner placed some reliance on our decision in *Municipality of Río Piedras* v. *Berga, supra,* where we held that the object of the Act to secure the effectiveness of judgments should not have the effect of a final judgment and that the law of injunction was also in force. We did not, however, decide, and did not intend to decide, that provisional measures might not to a certain extent anticipate the effect of a judgment. Indeed a more mature examination of the state of the law and of our decisions convinces us that where an attachment lies at all it may be preferred to the more extraordinary injunction. *Goffinet* v. *Polanco,* 30 P.R.R. 768; *Rivera* v. *López,* 19 P.R.R. 610; *Hermida & Palos* v. *Gestera,* 20 P.R.R. 423; *Santiago* v. *Capó,* 33 P.R.R. 346; *Nadal* v. *Carrión,* 35 P.R.R. 179.

Therefore we find no reason now for annulling the attachment and certainly not until all the questions have been duly considered by the court below.

The writ of certiorari and the order of supersedeas should be annulled and the case sent back to the District Court of San Juan for further proceedings not inconsistent with this opinion.